UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHWEST ENERGY COMPANY,<br><br>　　　　Defendant. | Case No. 23-cv-05884-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

　　　　The motion to dismiss is granted because the Court lacks personal jurisdiction over Southwest Energy Company. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

　　　　The complaint does not establish personal jurisdiction over the defendant. Southwest Energy is incorporated in Delaware and has its principal place of business in Texas. Southwest Energy's uncontradicted assertion is that it has no physical presence or property in California, no employees in California, no business licenses or contact information in California, and has never advertised or otherwise sought out business in California. Its only alleged contact with California is sending the McBrides, who live in California, royalty payments for their Louisiana leasehold. It is not even alleged that Southwest Energy contracted with the McBrides while they were California residents. Merely sending the payments to the forum state is not enough to say that Southwest Energy has "purposefully directed its activities toward the forum state" or "purposefully availed itself of the privilege of conducting activities in the forum state." *Briskin v. Shopify, Inc.*, 87 F.4th 404, 412 (9th Cir. 2023). Thus, on this record, the Court cannot exercise personal jurisdiction over Southwest Energy.

　　　　Although it is not mentioned in the motion to dismiss, it also seems likely that the

complaint does not establish subject matter jurisdiction. The complaint suggests that the Court has diversity jurisdiction—Kevin Williams checked a box indicating that the parties are diverse and that the amount in controversy is greater than $75,000. But the complaint does not claim any amount owed. And the allegations and causes of action in the complaint are insufficient to enable the Court to assess how much Williams is claiming. 28 U.S.C. § 1332(a).

It seems likely that Williams will need to file suit elsewhere if he wishes to pursue an action against Southwest Energy Company. Dismissal is without prejudice to filing in the proper court within the applicable limitations period. But if Williams has a good faith basis, consistent with Rule 11, to believe that he can successfully amend his complaint in this Court, he is given leave to do so. Any amended complaint filed in this Court must be filed within 14 days of this order. If no amended complaint is filed, the case will be closed.

**IT IS SO ORDERED.**

Dated: March 18, 2024

VINCE CHHABRIA
United States District Judge